IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 25, 2017 at Knoxville

**STATE OF TENNESSEE v. XAVIER TODD**

**Appeal from the Criminal Court for Shelby County**
**Nos. 99-04986, 99-05102, 99-05103,**     **James M. Lammey, Judge**
    **99-05104, 99-05105, 99-05107,**
    **99-05108, 99-05109, 99-05110,**
    **99-05111**

———————————————

**No. W2016-02083-CCA-R3-CD**

———————————————

The Defendant, Xavier Todd, appeals from the Shelby County Criminal Court's dismissal of his motion to correct illegal sentences. The Defendant pleaded guilty to ten offenses, and he received an effective thirty-year sentence. His individual sentences were imposed concurrently to each other and concurrently to a federal sentence. On appeal, he contends that the trial court erred in dismissing his motion. We affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Josie S. Holland, Memphis, Tennessee, for the appellant, Xavier Todd.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; Tyler Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant's motion for correction of illegal sentences alleges that, pursuant to the negotiated plea agreement, his ten Tennessee sentences were imposed concurrently to one another and concurrently to a ten-year federal sentence, despite legal requirements that the Tennessee sentences be imposed consecutively. *See* T.C.A. § 40-20-111(b) (2012) (stating that consecutive sentencing is mandatory for offenses committed while a defendant is released on bail, provided the defendant is convicted of both offenses); Tenn. R. Crim. P. 32(c)(3)(C) (requiring consecutive sentencing where "the defendant

was released on bail and the defendant is convicted of both offenses"). At the time he filed the motion for correction of illegal sentences, the Defendant was in federal custody after having been paroled from the Tennessee Department of Correction to serve the federal sentence. The record reflects, however, that the Defendant is presently incarcerated in the Tennessee Department of Correction. The records of this court reflect that the Defendant previously sought habeas corpus relief based upon the concurrent alignment of his sentences, the same grounds as are alleged in the present Rule 36.1 action. *See Xavier S. Todd v. State*, No. W2005-00681-CCA-R3-HC, 2005 WL 2259060 (Tenn. Crim. App. Sept. 16, 2005) (mem. op.) (granting the State's motion for summary affirmance pursuant to Tenn. R. Crim. P. 20).

At a hearing on the motion to correct illegal sentences, the defense counsel acknowledged that all of the Tennessee sentences except two thirty-year sentences had expired. *See* Tenn. R. Crim. P. 36.1 (limiting relief to correction of illegal sentences which have not yet expired). Defense counsel also acknowledged that the Defendant had not been on bond for one of the cases for which he later received a thirty-year sentence when he was charged with the other. Counsel acknowledged, as well, that if these cases had been the Defendant's only convictions, no illegality would have existed as a result of concurrent sentencing. Defense counsel argued that because all of the sentences were the result of a plea agreement that resolved multiple cases, Rule 36.1 relief was available, notwithstanding the expiration of the individual sentences for which the law provided mandatory consecutive sentencing.

The trial court dismissed the motion as not stating a colorable claim. Concluding that some of the Defendant's sentences had expired and that Rule 36.1 did not provide a remedy for a defendant who received illegal concurrent sentences where the law required consecutive sentencing, the court dismissed the motion as failing to state a colorable claim. This appeal followed.

The issue before this court is whether the trial court erred in dismissing the motion for failing to state a colorable claim. Although the Defendant concedes that the two thirty-year sentences were not subject to consecutive service because neither was committed while he was released on bond after having been charged with the other, he argues that because he has not served the sentences for all of his convictions, his sentences have not expired.

In support of his argument, the Defendant relies upon *Summers v. State*, 212 S.W.3d 251 (Tenn. 2007), a habeas corpus case in which the petitioner claimed that he had been sentenced illegally pursuant to a plea agreement because an eleven-month, twenty-nine-day misdemeanor sentence for escape had been imposed concurrently to an effective forty-year sentence for three prior felony convictions, even though the law required consecutive service for "'a sentence for escape or for a felony committed while on escape.'" *Summers*, 212 S.W.3d at 256 (quoting Tenn. R. Crim. P. 32(c)(3)(B) and

noting that T.C.A. § 39-16-605(c) also provided for consecutive service in this scenario). When the petitioner filed his habeas corpus petition, he had served many years beyond the length of his concurrent misdemeanor sentence. The supreme court said that, for purposes of habeas corpus review, the petitioner's challenge to the legality of his misdemeanor sentence was not moot because "[t]he Department of Correction could attempt to require [the petitioner] to serve his sentence for escape at the expiration of his other sentences." *Id.* at 258.

More recently, in *State v. Brown*, 479 S.W.3d 200, 210-11 (Tenn. 2015), our supreme court said that the authority pursuant to Tennessee Rule of Criminal Procedure 36.1 did not extend to correction of illegal but expired sentences. The court noted that a contrary interpretation of Rule 36.1 as it existed at the time would permit the State "to correct an illegally *lenient* sentence, even after the sentence had been fully served," an outcome which the court said could raise constitutional concerns and of which the court disapproved. *See Brown*, 479 S.W.3d at 211.

As we have stated, the Defendant has referenced habeas corpus law in his bid for Rule 36.1 relief. We note that a recent amendment to Rule 36.1 "essentially incorporates the limitations on habeas corpus relief available for plea-bargained illegal sentences set forth in [the habeas corpus statute]." Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts. That amendment, which became effective July 1, 2016, provides, in pertinent part, "If the illegal aspect [of a sentence] was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion." Tenn. R. Crim. P. 36.1(b)(3)(C). Because the Defendant in the present case filed his motion on July 15, 2016, the amended provision is applicable to his case.

Notwithstanding the language of current Rule 36.1, the Defendant argues that the State has waived its right to oppose his motion on the basis of subsection (b)(3)(C) because it failed to oppose the motion on this basis in the trial court. However, neither the trial court nor this court may assume jurisdiction where none exists. Rule 36.1 unequivocally states that it does not provide an avenue of relief to a defendant whose sentence contains an illegal component which benefits the defendant. The facts of the Defendant's case fit squarely within this provision. The trial court had no jurisdiction to entertain the Defendant's motion, and this court has no jurisdiction to order the trial court to conduct a consideration on the merits of a motion for which Rule 36.1 provides no basis for relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE